IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ROBERT MILLER,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>COLONIAL FREIGHT SYSTEMS, INC.,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)  **CIVIL ACTION NO. 2:18-cv-291**<br>)<br>)<br>)<br>)<br>)<br>) |

### ORIGINAL COMPLAINT AND JURY DEMAND

COMES NOW, ROBERT MILLER, ("Plaintiff"), herein complaining of Defendant COLONIAL FREIGHT SYSTEMS, INC. ("Defendant COLONIAL"), and for cause of action would respectfully show unto the Court the following:

### JURISDICTION

1. This court has original jurisdiction pursuant to 42 U.S.C. section 1332(a) because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States. Plaintiff is a resident of Texas. Defendant COLONIAL is a corporation formed in Alabama, with its principal place of business in Tennessee.

### VENUE

2. Pursuant to 28 U.S.C. section 1391(b)(2), venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

### PARTIES

3. At all times herein relevant, Plaintiff was and is a citizen of the State of Texas.

4. At all times herein mentioned, Defendant COLONIAL was and is a corporation with a principal place of business in Knoxville, Tennessee. Defendant COLONIAL may be served with process by serving its registered agent for service of process, Ruby McBride, 10924 McBride Lane, Knoxville, Tennessee 37932-3221.

## FACTUAL ALLEGATIONS

5. On January 4, 2018, Plaintiff was driving a 1999 Lufkin tractor and towing a trailer westbound on Interstate-20 in Harrison County, Texas.

6. At approximately, 3:30 a.m. Plaintiff's vehicle was at a stop due to traffic conditions ahead.

7. Plaintiff stopped his vehicle, initiated his hazard lights, and remained stationary waiting for the interstate to reopen.

8. At the same time, Jimmy Crisenberry ("CRISENBERRY'), was driving a freightliner tractor and towing a trailer heading westbound on Interstate-20, directly behind Plaintiff.

9. CRISENBERRY was an employee of Defendant COLONIAL.

10. CRISENBERRY operated the tractor and trailer at the direction of Defendant COLONIAL.

11. CRISENBERRY was in the course and scope of his employment with Defendant COLONIAL at the time of the collision.

12. When CRISENBERRY reached the stalled traffic, he failed to control his speed.

13. CRISENBERRY drove distracted and failed to realize that traffic ahead had come to a stop.

14. Due to CRISENBERRY'S failure to maintain proper speed, and failure to keep an assured clear distance between himself and the vehicle(s) in front of him, CRISENBERRY was unable to stop his tractor.

15. CRISENBERRY collided with the rear of Plaintiff's vehicle at high rate of speed without hitting his brakes.

16. CRISENBERRY and his passenger, Judy Milburn, were both killed as a result of the collision.

17. Plaintiff suffered personal injuries as a result of the Collision.

18. The damages sustained by Plaintiff were proximately caused by the statutory and common law negligence of Defendant COLONIAL in failing to exercise a reasonable degree of care in hiring, retaining, training, and supervising CRISENBERRY.

## FIRST CLAIM FOR RELIEF

### (Negligence of CRISENBERRY)

19. Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

20. CRISENBERRY had a duty to exercise ordinary care and operate the vehicle he was driving reasonably and prudently.

21. CRISENBERRY owed duties of ordinary care to Plaintiff and other motorists on the roadway. CRISENBERRY's conduct, as outlined above, breached those duties through various acts and/or omissions, including the following, each of which singularly or in combination with others, constitute acts of negligence that were a direct and proximate cause of the occurrence in question and the resulting injuries or damages set forth herein:

    A.    maintaining an unsafe distance from other vehicles;

    B.    keeping an improper lookout;

    C.    travelling at an unreasonable speed given the circumstances;

    D.    making an untimely and improper application of his brakes;

    E.    exhibiting inadequate driver attention;

    F.    driving distracted;

    G.    taking improper evasive actions to avoid the collision; and

    H.    choosing to violate safety rules.

22. As a direct and proximate result of the foregoing acts and/or omissions, Plaintiff suffered personal injuries and resulting damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

### (*Respondeat Superior*)

23. Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

24. CRISENBERRY was in the course and scope of his employment with Defendant COLONIAL at the time of this collision.  Under the doctrine of *Respondeat Superior*, Defendant

COLONIAL is responsible for Plaintiff's damages caused by CRISENBERRY's conduct as alleged above.

## THIRD CLAIM FOR RELIEF
### (Negligent Hiring by Defendant COLONIAL)

25. Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

26. Defendant COLONIAL was negligent in the hiring of CRISENBERRY in that Defendant COLONIAL knew, or in the exercise of reasonable care should have known, that CRISENBERRY was unfit or unqualified for a position to safely operate commercial motor vehicles under the control of Defendant COLONIAL. Defendant COLONIAL was further negligent in employing and providing CRISENBERRY with a commercial motor vehicle.

## FOURTH CLAIM FOR RELIEF
### (Negligent Training by Defendant COLONIAL)

27. Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

28. Defendant COLONIAL was negligent in the training of CRISENBERRY, in that Defendant COLONIAL knew, or in the exercise of reasonable care should have known, that CRISENBERRY was unfit or unqualified for a position in which he was required to safely operate and drive commercial motor vehicles. Defendant COLONIAL failed to properly train and/or instruct CRISENBERRY for the job he was to perform and for the safe operation and entrustment of a commercial motor vehicle. Defendant COLONIAL failed to instruct or train CRISENBERRY concerning the subject motor vehicle and allowed CRISENBERRY to drive a motor vehicle when it knew or should have known that CRISENBERRY was not capable of or qualified in operating the commercial vehicle prudently.

## FIFTH CLAIM FOR RELIEF
### (Negligent Supervision of Defendant COLONIAL)

29. Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

30. Defendant COLONIAL was negligent in the supervision of CRISENBERRY in that Defendant COLONIAL knew, or in the exercise of reasonable care should have known, that CRISENBERRY was unfit or unqualified for a position, which he was required to safely operate a commercial motor vehicle.

31. Defendant COLONIAL refused to supervise CRISENBERRY for the job that he was to perform. Defendant COLONIAL refused to supervise CRISENBERRY on the date of the incident in question, and allowed, or refused to prevent, CRISENBERRY from operating Defendant COLONIAL's commercial vehicle in an unsafe manner.

## SIXTH CLAIM FOR RELIEF

### (Negligent Retention of Defendant COLONIAL)

32. Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

33. Defendant COLONIAL was negligent in the retention of CRISENBERRY, in that Defendant COLONIAL knew or in the exercise of reasonable care should have known, that CRISENBERRY was unfit or unqualified for a position which he was required to safely operate a commercial motor vehicle. Defendant COLONIAL negligently retained CRISENBERRY prior to the date of the incident in question, and allowed, or refused to prevent, CRISENBERRY from operating Defendant COLONIAL's vehicle in an unsafe manner.

## SEVENTH CLAIM FOR RELIEF

### (Negligent Entrustment of Defendant COLONIAL)

34. Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

35. Without waiving the foregoing, in conjunction with, additionally and/or alternatively, Plaintiff would further show this Court that Defendant COLONIAL refused to exercise due care and negligently entrusted a commercial motor vehicle to its employee, CRISENBERRY. Defendant COLONIAL knew or should have known that CRISENBERRY was not capable of safely driving a commercial motor vehicle. But for Defendant COLONIAL's negligent entrustment

of the commercial motor vehicle to CRISENBERRY, this motor vehicle collision would not have occurred.

## PRAYER FOR RELIEF

36. WHEREFORE, Plaintiff prays for damages against Defendant as follows:

    A. General damages according to proof at trial;

    B. Special damages in excess of $75,000.00 according to proof at trial;

    C. Medical treatment in the past;

    D. Medical treatment which will be necessary in the future;

    E. Past and future pain and suffering;

    F. Past and future mental anguish;

    G. Past and future physical disfigurement;

    H. Past and future impairment;

    I. Lost wages;

    J. Loss of past and future earning capacity;

    K. Pre-judgment and post-judgment interest at the legal rate to the extent allowed under the law until paid;

    L. Costs of suit herein incurred; and

    M. For such other and further relief as the court deems just and reasonable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated this 12th day of July, 2018

       Respectfully submitted,

       **ZINDA LAW GROUP, PLLC**
       8834 North Capital of Texas Highway
       Suite 304
       Austin, Texas 78759
       (512) 246-2224 Office
       (512) 580-4252 FAX
       **Service of Documents: service@hzfirm.com**

           */s/ Neil Solomon*
           Neil Solomon
           Texas State Bar No. 24079369
           John "Jack" Zinda
           Texas State Bar No. 24053569
           *Attorneys for Plaintiff*